May it please the Court, my name is Todd Melnick and I represent Mr. Johannes. This case deals with younger abstention as it applies or does not apply to two-year renewable civil commitment sexually violent predator cases. Although principles of comedy and federalism are long-standing traditions, courts have carved out exceptions in certain circumstances. Prosecutions Counsel, I was thinking on this case that if you were to prevail, then we would be right back to, what was it, Dombrowski, before modern younger abstention was clear on state criminal cases. We'd be hearing federal habeas after state preliminary hearings, maybe even after state bail proceedings, possibly even after state indictments, since there are also probable cause proceedings that are completed once the grand jury indicts. And it looks like Drury would say that's not right. And, of course, it wouldn't be right even without Drury. Could you respond to my concern? Well, it's a difficult question, of course. That would be a potential problem for the Court, as I can see it, but I don't think that that would take away the rights of some of these SVP people that do have a right to have it. Why wouldn't it? I thought that was the whole idea of younger abstention is first you finish in state court. If they have a constitutional error, they'll probably correct it and we'll never have the comedy issue that arises when the federal court interferes. The problem is with these kinds of cases is that there's a two-year commitment. What happens is that after you're done with the jury trial, the person goes up to a Cascadero State Hospital, and then they have the DCA appeal, then they have the Supreme Court appeal. And then what happens is that usually the time limits, by the time these appeals are done and finished, it's already been two years. And then you cannot file a habeas here in federal court for any redress of any federal violation because they're not in custody on that case anymore, and it's not a conviction for criminal purposes. Oh, so it's only a two-year commitment at a time? Yes. And what happens is that when you have the recommitments, they're filed on the anniversary or just prior to the anniversary of the jury verdict. And then what happens is that a new counsel gets appointed. There's new judges, new psychologists, and all these new people come in. And the proceedings drag on for a year to two years before the next commitment happens. Is that any different from other proceedings where there may be a constitutional violation, but as a practical matter, it's irremediable because the time in custody is too short? I'm sorry. I didn't follow your question. Well, let's say a person is unconstitutionally imprisoned for a misdemeanor for a year. He couldn't get his state proceedings done, right? No. Well, he could get his state proceedings done, but he does have redress in the Federal Courts because he can file a habeas because he's been convicted of a criminal offense. Here, these are not – this is not criminal. This is civil. This is a civil commitment. The Supreme Court of the United States has said it. The Supreme Court of California has said it. Civil procedure rules apply. It is not criminal. So they have no other redress to get to the Federal Courts other than to do a pretrial because by the time they finish with their state proceedings, they can't get to Federal Court. How does it being civil help? I don't understand. How does what? How does it being civil help your side of the case? I didn't follow that. I don't know that it helps at all, quite frankly. All I know is that the rules of procedure now follow the rules of discovery with depositions and with other things, and that's why these cases – one of the reasons these cases take so long. They're very complicated. There's a lot of – a lot of things that go into these cases. Mr. Mulling, I – you certainly portray a pleasant situation, but I wanted to ask you about the California statute that the judge of the superior court shall review the petition and determine whether the petition states or contains sufficient facts that, if true, would constitute probable cause. Now, as I understood your brief, you were saying, well, he has to determine whether the facts exist, but this seems like a purely legal determination. If on their face there are enough facts, that's all he has to pass on. Okay. Well, there's two – there are two different standards that the court has to look at. The first one is when the petition is actually filed. There's an actual petition that alleges certain things, that he has a diagnosed mental disorder, that he has the requisite prior convictions, and that the judge has to look at it and say, okay, on the face of this petition, I find probable cause to bind this person over, to withhold him from parole, and to bring him to my court so that I can have a probable cause hearing. And that's a purely legal determination. That's a purely legal determination, based on what is contained on the face of the petition. Then, once you get into court, the person is arraigned on the petition. They say, I deny the allegations, it's not true, and we have a probable cause hearing. In Mr. Johannes' case, he only had one probable cause hearing, and that was in 1999, I believe. It spanned over 10 days. The judge made certain factual findings that he felt that – Now, that's on the welfare statute there. Can you give me the number of the statute? Is that different from 6602? Is it? Forgive me. I didn't bring my Welfare and Institutions Code, but I think there's a 6602, a 6602.5, and a 6601 that are involved in that, in the probable cause proceedings. I may be looking at the wrong statute. No, I think you're looking at – you're certainly in the right section. It's just a matter of which subsection. Because there's about eight – it goes from 6600 to 6608, and there's – it's a very complex law, and it takes the lawyers a long time. So in the second hearing, you say the judge is supposed to confirm the facts. That's correct. What he does is he – the psychologists come to court and testify. And the defense under In re Parker, which is a California case, have the right to cross-examine them. That was just affirmed in the Marentes case that came out of the California Supreme Court a couple of months ago, I think last November. And defense counsel has the opportunity to cross-examine these psychologists for the bases of their opinions. And what Judge Chabot, who's heard dozens if not a hundred of these probable cause hearings prior to Mr. Johannes's, said, I don't believe these doctors. The factual underpinnings of their opinions have been proven to be wrong in front of me. I don't find probable cause. And he dismissed the case upon making other factual findings, which is in the briefs. The Petitioner's Counsel for the State, which happens to be the district attorney of Los Angeles County, filed the appeal to the Second District. The Second District stayed Mr. Johannes's release, and he's been in custody still at Itasca Dere State Hospital ever since. The DCA reviewed the transcript and came up with a ruling, which I clearly really honestly don't quite understand, in the last line of their opinion or next to the last line of their opinion. And they said, remand this back to the Judge Chabot and have him find probable cause. Completely disregarding his factual findings, disregarding the bias that he felt that the witnesses had. Well, I think he just didn't the appellate court just didn't buy it. Well. The trial court went with one psychiatric view. The appellate court went with the other. Well, I think that there's Thenn v. Melendez, and there's also a State case. I can't remember what it's called. But great deference was given to a city magistrate who actually hears the witnesses. This was a 10-day hearing that went on a long time, where the court was able to hear the psychologists testify and the reasons for their opinions. One of the things that came out. That sounds like it's just a finding of fact matter, not even a Federal law matter. Well, the judge made findings of facts that were adverse to the State to release Mr. Johannes. I know that. And so. But the appellate court said that they thought his findings were erroneous. They said that he was making determinations of law rather than determinations of fact. Under Vitek v. Jones and Doe v. Gallinott, Mr. Johannes is entitled to have the United States. Why isn't it up to the California Supreme Court rather than a Federal court to decide whether the California Intermediate Appellate Court was wrong? We exhausted our appeal in the California Supreme Court. That's a question I have. Your precise Federal constitutional claim is that his State-created, State statutorily created right to a notice in a hearing, to a hearing in counsel before at the probable cause hearing was violated. Yes and no. Okay. Yes, because there is a State statute-created right under, I believe it's 6602, that says you're entitled to this probable cause hearing. And case law has said, because it used to be just a paper review, case law in In re Parker and in Marentis has said. State case law. I'm sorry? State case law. State case law. We're talking about State. I'm trying to see how we turn this into a due process claim. Because under Vitek v. Jones and Doe v. Gallinott, Mr. Johannes is entitled to a detached magistrate to sit and hear the evidence, to weigh the evidence, and to make a finding of probable cause. We have that magistrate. That magistrate said, there is no probable cause here. Mr. Johannes should be released. The DCA usurped that rule, abrogated that right. Okay. I understand that part. And said, find probable cause. Now, where did you – how did you fairly present that to the California Supreme Court? We – I didn't bring my brief. Well, I have your brief. The California Supreme Court. Right. And you cite, in your brief to the California Supreme Court, you really don't raise this precise State claim. And I don't believe the case is – Honestly, Your Honor, the – It's not laid out so well that I can understand that that's the argument you're making. It's not. But the flavor, if you will, of the due process is there in the brief. It's the only thing we've pulled on. Are you familiar with our recent en banc decision in Peterson v. Lampert? I have to confess I'm not. All right. I was on that panel. And we laid out pretty clearly what constitutes fairly presenting to the highest court. And I – I mean, I'm – my view is that this isn't fairly presenting under Peterson. But what if – assume – if we were to decide that your claim wasn't fairly presented, what happens next to your client? I assume that he would have to – He serves out the two years? No. He's not even had a trial in that case. Okay. So he has his trial. You can make the argument then, can't you? Here's the problem, Judge. In the 100 to 200 trials that have taken place in the State of California with men who are afflicted with pedophilia, there's only been one person that's ever had a not true finding by a jury. The juries hear this child molester. What are we supposed to do about that? I mean, maybe – let's say the juries in some percentage of the cases are incorrect. What are we supposed to do? I don't get where we get any jurisdiction here. But what I'm saying is that Mr. Johannes has no benefit by going to trial until all these issues are resolved. I assume that if you go – Can't you base him on the first day of trial that he objects to the whole proceeding in front of the judge because he hasn't had the process that the State requires? We've tried that in the appeal to the appellate court. I don't think you made that claim very clear in your appeal to the Supreme Court. And the appellate court was just saying we disagree with the lower court. We just don't agree with the lower court. Right. And I – I mean, I also happen to agree with you that the appellate court shouldn't just be summarily finding that the – I mean, disregarding all the trial court's facts, but – What troubles me is that if you rule on those grounds, then it is what it is. And I hope that's not the case. But what troubles me is that these men are not getting access to the Federal courts because of the time lapses and the problems they're in. We have a related case on this docket. And there is a case that's cited in those briefs. Blake v. Baca? Yes. That's my case as well. That's your case? Yes. Okay. There's a case there that talks about there is a possible remedy after the two years. I think it's Rose? Rose v. Lundy. Rose v. Lundy. Lundy. Right. I know. I didn't reread the brief. Does that provide you as an – pardon me? I didn't reread the brief. Okay. Well, that case that you cited in those briefs might provide you some avenue of relief. Well, in that – Sorry. Go ahead and finish, and then you'll – Just in the Blake case, it's a completely different issue. It was a first – it was an over-breadth issue of charging rather than a procedural Federal due process issue. But you're – the principle you're arguing is the same, that there's no – there's never going to be an opportunity to raise this. The challenge is detention. Right. Which is why I think younger extensions should not apply in these Federal due process issues after the State has an opportunity to look at them and to correct the errors. We've made exhaustion in this case. I believe and I think that there should be an exception carved out for these class of cases. Thank you, counsel. Your time has expired. I understand that. If Judge Wardlaw has more questions, go ahead. No, I was just telling him I think I better understand what's going on after having reviewed these – hearing your argument helped with both cases. Good. Thank you. It would be a help on your second case. I didn't realize we had the same lawyer on two of these. If you would bring your briefs and your excerpts of record and the cases – your copies of cases that you've reviewed so that if we ask you questions about them, you'll be able to answer them. On the second case? You said you had another case. Your clerk called me and said it was going to be submitted on the record. Oh. Well, okay. If it's going to be submitted, then there's no need to bring them. I assume that's why you limited us to 10 minutes, because I had two cases. Thank you, counsel. Thank you both very much. I'll take a brief break. Counsel. Thank you, Your Honors. May it please the Court. Deputy Attorney General David Vogt for respondent. The district court in this case should be affirmed because it correctly concluded that the younger abstention doctrine precludes enjoining an ongoing trial to determine if appellant is a sexually violent predator. Quickly, appellant has conceded that none of the traditional ways around the younger abstention doctrine apply in this case. He's not alleging that this prosecution was taken in bad faith in any way. He has conceded that this case does not involve double jeopardy. He also concedes that he has not demanded a state trial and that it has been denied to him by state authorities. So none of those traditional... Can I ask you a question, Counsel? Yes. What's your response to the argument that if we abstain on cases in this posture, that claims such as Johansson's will never be able to be raised in state court, in federal court? I think that's a... Because of the two-year... I understand, Your Honor. I think that's an important issue to address. First of all, I don't think that there's any evidence that he can't get to federal court within those two years. In this particular case, the State has conceded that he has presented, although there's been some discussion today about whether they were fully and fairly presented, but we have previously conceded that he has raised an issue in the State's highest court. Therefore, after he avails himself to the State remedy of a trial, if he's found not to be a sexually violent predator, the case will be concluded. If he is, then he can immediately come to federal court. He has already otherwise exhausted his claim, except that he has not availed himself to perfectly adequate State remedies. For example... If he's a judge to a sexual predator, wouldn't he then have to take that up to the court of appeals in the State Supreme Court? I think he would have the option to do that if he wished. I think if he thought that his best and sole basis for relief were this pretrial determination... Oh, you're waiving the State's right to exhaustion on that? Absolutely not, Your Honor. You're saying if he chooses not to exhaust, he can come directly to federal court after a State trial court determination that he's a sexual predator? Are you making that waiver on behalf of the State of California? No, I'm not, Your Honor. So how will he get to the federal court if he has to go through an appeal process? Well, for example, in this particular case, he got two pretrial – he took two pretrial issues up to the State's highest court. In the very first case, it only took him – it took him less than eight months to fully exhaust that claim. In the issue that we're talking about today, from the time that the State filed its writ for mandate until the time the State Supreme Court denied that issue was less than nine months. So, again, he would have sufficient time to come to federal court. I would point out in this particular case, just addressing the concern of delay, after the California Supreme Court denied the issue in this case, Petitioner's counsel waited almost the full 15 months before filing in this case. He was timely probably by about 14 days. And so that hasn't been explained why there's a 15-month delay where nothing's going on. Can you counsel on the Blake case as well? No, I'm not, Your Honor. You're not? Because in Blake, the State took the position that the claim had not been exhausted when my reading of it was that it had. And here, where it seems remote at best that the claim's been exhausted, that it's being fairly presented under Peterson, you're now saying that it was. It seems like the State's taking these inconsistent, almost self-serving positions. Perhaps there are different government agencies on each of these cases. I believe the other case is handled by the county district attorney's office. It does seem to put these defendants in a catch-22, which gets back to my original question about how do they get – if they have a legitimate federal claim, how do they get it heard? Well, again, Your Honor, I think I've tried to cite examples in this case where it's taken less than eight months or less than nine months for the State court to fully adjudicate an issue, which leaves, you know, more than a year for the federal courts to address it. And, you know, the State has no control over how long the federal courts take to address these issues. Just to ask you, if I understand the Petitioner's position, California created a liberty interest that you had to have a finding of facts before you were held over for this process, and that meant that there had to be a neutral back line defining facts, and these facts haven't been found. What's your response to that? Well, first of all, I don't see how this case is any different from a defendant's right in California to a preliminary hearing before a neutral magistrate to make findings of fact. Well, what may be different is the peculiarly hard consequences that this process goes ahead. He's asking for an exception. Well, let's take it at that level and just explain why the liberty interest has not been violated. Right. The Supreme Court did leave open the possibility for additional exceptions to the under doctrine. It would require that there is no adequate State remedy. It would be the first hurdle to get across. And here, I don't see why the remedy is not adequate. If there is a finding that he is not a sexually violent predator, he will be released forthwith and will no longer be subject to custody by the State. There will be no need for the Federal courts to intervene into an ongoing State court matter under the circuit. Now, you make the suggestion that something in the, I guess, in the atmosphere, the environment in California, the jurors just rub a stamp. Let's just ask them to do it. Your Honor, if his client would like to make a claim that the SBP Act, as prosecuted in California, is unconstitutional, he should bring that claim. If he is saying there is no fair jury in California for these cases, he should bring that claim. He cannot sort of collaterally try to jade these proceedings by suggesting that he can't get a fair trial. If that's his claim, he should prove that claim. I would say that the fact that the people have identified, brought to trial, and had found the SBP shows that the Act, the California prosecutors are doing an excellent job in protecting the public from these very dangerous individuals who have a mental defect and a predilection to either commit violent crimes against adults or sex crimes against kids. In terms of the prong, the adequate State remedy prong, in Braden, the United States Supreme Court expressly stated that the Federal courts are not a pretrial forum to litigate these issues. And in that case in Braden, where they said, you know, that this Petitioner is not asking for anything more than his State trial, and we'll order that he gets it. But they went on to emphasize that nothing we would permit the derailment of a pending State proceeding by an attempt to litigate constitutional defenses prematurely in Federal court. So I do believe that his remedy is adequate. And in support of that, all the cases that he cited to support that this isn't a remedy or an adequate State remedy all deal with traditional remedies, such as double jeopardy or speedy trial. So the other prong, obviously, is irreparable injury. Here, Appellant argues that his available remedy is his irreparable injury. In other words, that going to trial is what will be injurious to him. But the United States Supreme Court said that facing a single trial is not the irreparable kind of injury in the special legal sense of that term. And as Your Honor pointed out, this case is very much like Drury v. Cox. And if we allow pretrial intervention in this type of case, it really would open the  Finally, I'd just like to touch on the issue of the State-created liberty interest. All of the cases cited by Appellant in this case have to do with situations where a person was either put into a mental hospital or some other kind of incarceration simply on the recommendation of a — of someone who worked for the State, not a neutral, detached magistrate. All of those cases involved, such as Vitek v. Jones, that particular case involved a prison doctor making a recommendation that a prisoner be put into a mental hospital. And in Vitek v. Jones, the Supreme Court said that you have to have more procedural protections than that. In this case, not only do they get a neutral and detached magistrate, but they also have the right to contest the evidence and basically have a full hearing. So these constitutional rights are greater than those afforded by the Federal Constitution. Unless there are any other questions, would people be prepared to submit? Thank you, Counsel. Thank you, Your Honor. Appellant's counsel used up the time, so Johannes v. Hunter is submitted.
judges: Noonan, Kleinfeld, Wardlaw